# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1524V
UNPUBLISHED

|  |  |
|---|---|
| MICHAEL J. PERIARD,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: March 23, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Matthew F. Belanger, Faraci Lange, LLP, Rochester, NY, for petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On October 2, 2018, Michael J. Periard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barré syndrome ("GBS") as a result of an influenza ("flu") vaccination administered on November 22, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 2, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On March 2, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should receive an amount sufficient to purchase an annuity contract described in Section A of the Proffer and a lump sum payment of $1,137,068.83 to Petitioner. Proffer at 1-3. In the Proffer, Respondent

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that Petitioner agrees with the proffered award.  *Id.* at 3. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

a. **An amount sufficient to purchase the annuity contract described in Section A of the proffer, paid to the life insurance company from which the annuity will be purchased; and**

b. **A lump sum of $1,137,068.83, in the form of a check payable to Petitioner.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHAEL J. PERIARD, | |
| Petitioner, | |
| v. | No. 18-1524V |
| | Chief Special Master Brian H. Corcoran |
| SECRETARY OF HEALTH AND | ECF |
| HUMAN SERVICES, | |
| Respondent. | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 24, 2020, respondent filed his Rule 4(c) Report, in which he recommended that the Court find petitioner entitled to compensation, and on March 2, 2020, the Court entered its Ruling on Entitlement, finding petitioner entitled to compensation. Respondent now proffers that petitioner receive an award as follows:

**A.  Life Care Items Beginning on the First Anniversary of Judgment.**

Respondent proffers an amount sufficient to purchase an annuity contract described below in this Section A of this Proffer, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").[1]

---

[1]  Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies. Moreover, the Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.      A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

> For future medical service and medication expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,931.00 to be paid up to the anniversary of the date of judgment in year 2030, then beginning on the anniversary of the date of judgment in year 2030 an annual amount of $2,000.00 to be paid up to the anniversary of the date of judgment in year 2054, then beginning on the anniversary of the date of judgment in year 2054 an annual amount of $1,000.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Proffer. The parties agree that upon the purchase of the annuity contract,

---

c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

the Secretary of Health and Human Services and the United States of America are released from

any and all obligations with respect to future annuity payments.

Petitioner authorizes respondent to disclose documents filed by petitioner in this case

consistent with the Privacy Act and the routine uses described in the National Vaccine Injury

Compensation Program System of Records, No. 09-15-0056.

### B.  Remaining Compensation for Damages Available under 42 U.S.C. § 300aa-15(a).

In addition to the compensation proffered above in Section A of this Proffer, respondent

proffers a lump sum **$1,137,068.83** in the form of a check payable to petitioner.[2]  This amount

represents all remaining compensation for damages that would be available under 42 U.S.C.

§ 300aa-15(a).[3]

Petitioner has reviewed the foregoing and agrees with the proffered award as stated above

in Sections A and B of this Proffer.[4]

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[2]  This sum consists of $3,931.00 for future life care plan expenses for the first year following the entry of judgment; $11,430.83 for past unreimbursed expenses; $160,000.00 for past and future pain and suffering at net present value; and $961,707.00 for past and future loss of earnings at net present value.

[3]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

[4]  This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847

DATED: March 2, 2020